IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JESSIE S. BARBEE                                                                                       PLAINTIFF
ADC #107307

V.                                        NO: 2:13CV00034 KGB/HDY

ARKANSAS DEPARTMENT
OF CORRECTION *et al.*                                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Jessie S. Barbee filed this *pro se* lawsuit on March 11, 2013, raising claims in connection with alleged mail problems. On August 4, 2014, Defendants filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #39-#41). Although Plaintiff has been granted additional time to respond, he has not done so, and mail recently sent to Plaintiff's address of record has been returned as undeliverable.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, supplement, and amended complaint (docket entries #2 & #5-#6), his legal mail has been delayed and opened out of his presence as general mail. Plaintiff suggests that his Court access has been impaired as a result. Plaintiff also alleges that grievances regarding his complaints were not answered. Defendants assert that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies, that they are immune from suit for monetary damages in their official capacities, that Plaintiff cannot establish a constitutional violation with respect to his mail tampering claims, and that failure to process grievances is not actionable.

Exhaustion

The Court must first consider whether Plaintiff exhausted his administrative remedies. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully

completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Although Plaintiff has not responded, in his complaint, he asserted that he attempted to file grievances which went unanswered (docket entry #2, page #4). Accordingly, Defendants have not met the burden of proving that Plaintiff failed to exhaust all available remedies. *See Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006) (per curiam) (noting that verified complaint is equivalent to affidavit for summary judgment purposes); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (remedy prison officials keep inmate from using is not "available" for purposes of 42 U.S.C. § 1997e(a)).

Mail tampering

Defendants also contend that Plaintiff cannot establish a claim with respect to his mail tampering allegations. Two mail items are at issue: an envelope from the Pulaski County Circuit Court postmarked October 15, 2012, and received on January 11, 2013; and an envelope from the Faulkner County District Court postmarked February 5, 2013, which he received in a timely manner, but which had already been opened outside of his presence.

The mail from the Pulaski County Circuit Court was an order denying Plaintiff's *pro se* motion for relief, in which he sought a reduction in charges and leniency in sentencing. At the time, Plaintiff was represented by counsel, who told him the motion was irrelevant, and refused to file it, which is why Plaintiff filed it himself (docket entry #39-1, page #10). The motion was denied, with the Pulaski County Circuit Court stating that such requests must be made through counsel (docket entry #39-1, page #15). Plaintiff pled no contest to six counts of breaking and entering and one count of possession of an instrument of crime before he received the Court's order. Although Plaintiff testified in his deposition that he believes he would have had a different outcome if he

4

received the order in a timely manner, there is no evidence that his timely receipt of the order would have somehow resulted in a different outcome, particularly when he already discussed the issue with his attorney, who refused to file the motion. Therefore, Plaintiff cannot establish that he suffered any injury as a result of the late receipt of the Pulaski County Circuit Court's order.

The letter from the Faulkner County District Court only advised Plaintiff that the Court had no record of a pending case involving Plaintiff (docket entry #39-4). Such correspondence is not privileged, and the fact that it may have been opened outside his presence is not a constitutional violation. *See Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir.1981) (privileged prisoner mail is mail to or from an inmate's attorney and identified as such).

Finally, Plaintiff indicated in his deposition that he cannot say with any certainty whether any of the named Defendants were involved in either mail incident (docket entry #39-1, pages #7-#8). Accordingly, Defendants are entitled to summary judgment.[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #39) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his claims against the Doe Defendants, and DISMISSED WITH PREJUDICE in all other respects.

---

[1]To the extent that Plaintiff is attempting to bring a claim for any Defendant's failure to process grievances, it should be dismissed. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983). Likewise, the violation of a prison policy is not a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   9   day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE